IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01290-WYD-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JON S. FEHRENBACHER,
JOAN B. FEHRENBACHER,
DALE MYERS,
JUSTIN MYERS, and
PEOPLES NATIONAL BANK,

    Defendants.

## ORDER FOR SUPPLEMENTAL BRIEFING

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the United States' Motion for Default Judgment against Jon S. and Joan B. Fehrenbacher [docket #48]. Upon review of the motion, the Court notes that the United States has failed to brief this Court's personal jurisdiction over the Fehrenbachers. The plaintiff carries the burden of showing the propriety of the court's exercise of personal jurisdiction over a defendant. *Buckhannon v. Monarch Life Ins. Co.*, 46 F.3d 1150, 1995 WL 43593, at *1 (10th Cir. 1995) (unpublished) (citing *Doe v. National Med. Servs.*, 974 F2d 143, 145 (10th Cir. 1992)). However, only the well pleaded facts of a plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Id.* (citing *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)). Additionally, a plaintiff's allegations of personal jurisdiction must be considered true as "well-pleaded" facts upon entry of default against the defendant. *D'Onofrio v. Il Mattino,* 430 F. Supp. 2d 431, 439 (E.D. Pa. 2006).

The operative Complaint, filed June 3, 2010, states "Defendants Jon S. Fehrenbacher and

Joan B. Fehrenbacher currently *reside* in Colorado Springs, Colorado, within the jurisdiction of this court." Complaint, ¶ 5, docket #1 at 2 (emphasis added). However, the Complaint was served upon the Fehrenbachers at 14110 Coyote Road, Scottsdale, AZ 85259 on July 4, 2010.

Under prevailing law, a residence is different than a domicile. This Court has jurisdiction over parties who are domiciled in the state of Colorado, but who are served in other states. *Miliken v. Meyer*, 311 U.S. 457, 462 (1940) ("Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgement by means of appropriate substituted service."). Domicile is established by physical presence in a place with an intent to remain there. *Miss. Band of Choctaw Indians v. Holyfield*. 490 U.S. 30, 48 (1989). Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another. *Id.* (citing *District of Columbia v. Murphy*, 314 U.S. 441, 454 (1941)). In this case, the United States mentions nothing about the Fehrenbacher's domicile; thus, the Court is unable to determine whether defendants are or were domiciled in, or residents of, the state of Colorado. *See* Fed. R. Civ. P. 55(b)(2)(C). In addition, the United States makes no further argument concerning whether the Court has personal jurisdiction over the Fehrenbachers, who appear to reside in Arizona.

Therefore, the Court directs the United States to file a written supplement to its motion, **on or before June 10, 2011**, setting forth its argument, with supporting legal authority and evidence (if necessary), demonstrating that this Court has personal jurisdiction over the Fehrenbachers in this matter. The written supplement shall contain a certificate evidencing service on the Fehrenbachers, and the Fehrenbachers may file a response to the supplement **on or before June 20, 2011**.

3

Dated this 25th day of May, 2011, in Denver, Colorado.

                              BY THE COURT:

                              */s/ Michael E. Hegarty*

                              Michael E. Hegarty
                              United States Magistrate Judge