IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01290-WYD-MEH

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JON S. FEHRENBACHER, and
JOAN B. FEHRENBACHER,

  Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

  Before the Court is Plaintiff's Motion for Entry of Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55 [filed April 8, 2011; docket #48].   Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter has been referred to this Court to submit proposed findings of fact and a recommendation for the disposition of the motion.  Pursuant to Fed. R. Civ. P. 55(b)(2), the Court has determined that it need not conduct a hearing in this matter.  For the reasons that follow, the Court RECOMMENDS that the Motion for Default Judgment be **GRANTED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and

## FINDINGS OF FACT

This is a civil action brought by the United States to reduce to judgment the federal tax assessment against Jon S. Fehrenbacher and Joan B. Fehrenbacher. The Court makes the following findings of fact based upon the well-pled allegations in the Complaint, the Declaration of Lee Routledge, and the admissible documents provided by the United States in support of its motion.

1.      Defendants Jon S. Fehrenbacher and Joan B. Fehrenbacher filed a joint United States Individual Income Tax Return for 2005. (*See* docket #55-4.) The address listed on the return is 2465 Green Valley Heights, Colorado Springs, CO 80919. (*Id.*)

2.      Joan B. Fehrenbacher is listed on a W-2 form as an employee for Christian Booksellers, located in Colorado Springs, Colorado, for the 2005 tax year. (*Id.*)

3.      Defendant Jon S. Fehrenbacher and Joan B. Fehrenbacher filed a joint United States Individual Income Tax Return for 2006. (*See* docket #55-5.) The address listed on the return is 119 Walters Creek Drive, Monument, CO 80132. (*Id.*)

4.      Defendant Jon S. Fehrenbacher ran a consulting business from his home in Colorado during the 2006 tax year. (Form 8829, Expenses for Business Use of Your Home, 2006, docket #55-5 at 6.)

5.      On October 30, 2009, the Internal Revenue Service ("IRS") sent letters warning of a possible collection action if Defendants failed to pay the taxes owed to the IRS for the tax periods 1999, 2002, 2005, and 2006. (October 30, 2009 Letters from IRS to Joan Fehrenbacher and Jon

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Fehrenbacher, docket #55-2.) The letters were separately addressed to the Defendants and sent to

8440 Ryegrass Trail, Colorado Springs, CO 80919-4540.  (*Id.*)

6.        In tax periods 1999, 2002, 2005, and 2006, a duly authorized delegate of the

Secretary of the Treasury made timely assessments for unpaid federal taxes, interest, penalties, and

other statutory additions against Jon S. Fehrenbacher and Joan B. Fehrenbacher.  (Complaint, ¶ 17,

docket #1.)

7.        At the direction of the United States Department of Justice, Tax Division, the IRS

made assessments of federal income taxes, penalties, interest and other statutory additions on the

dates, and in the amounts, for the taxable periods as follows:

| Tax Type/Form | Tax Period | Balance Due |
|---|---|---|
| Form 1040 | 1999 | $30,302.29 |
| Form 1040 | 2002 | $4,158.87 |
| Form 1040 | 2005 | $31,608.53 |
| Form 1040 | 2006 | $44,546.75 |

(Declaration of Lee Routledge, April 8, 2011 ("Routledge Declaration"), ¶ 4, docket #48-1; *see also*

FTP and Interest Computation Tables for 1999, 2002, 2005 and 2006, docket #48-2; Certificates of

Assessments, Payments and Other Specified Matters, 1999, 2002, 2005 and 2006, docket #48-4).

Therefore, the total outstanding balance of income tax liabilities assessed against Jon S. and Joan

B. Fehrenbacher, due April 15, 2011, is $110,616.44.  (Routledge Declaration, ¶ 5, docket #48-1.)

8.        Despite timely notice and demand for payment of the assessments described in

paragraph 8, defendants Jon S. Fehrenbacher and Joan B. Fehrenbacher have neglected, failed, or

refused to pay the assessed amounts to the United States.  (Complaint, ¶ 19, docket 1.)

9.        Defendants remain indebted for the balance of the assessments described in paragraph

3

8, plus interest and statutory additions according to law, less any payments or credits.  (*Id.*, ¶ 20.)

## PROCEDURAL HISTORY

This action originated on June 6, 2010.  (Docket #1.)  The Complaint contains two claims:

1) a reduction to judgment of the federal tax assessment against Jon S. Fehrenbacher and Joan B.

Fehrenbacher; and 2) foreclosure of the federal tax liens against the property formerly held by Jon

S. Fehrenbacher and Joan B. Fehrenbacher.  (*Id.*)  The United States completed service of process

on Mr. and Mrs. Fehrenbacher in Scottsdale, AZ on July 4, 2010.  (Dockets #21, #22.)  On July 20,

2010, Mr. Fehrenbacher sent a letter to the United States, and a copy to this Court, describing his

current financial situation and his desire to pay off his tax liability.  (Docket #8.)  By July 26, 2010,

Mr. Fehrenbacher failed to appear, plead, or serve an answer as required under Fed. R. Civ. P.

12(a)(1)(A).  However, Plaintiff's counsel was in contact with Mr. Fehrenbacher, who told counsel

that he intended to retain an attorney and to file a responsive pleading.  (Dockets #20, #31.)  Based

upon Mr. Fehrenbacher's representations, the United States moved for, and was granted, two

continuances of the Scheduling Conference in this case.[2]  *Id.*

---

[2]Although Mr. and Mrs. Fehrenbacher have failed to appear formally before this Court, their informal contacts with defense counsel may be sufficient to invoke the notice requirement in Fed. R. Civ. P. 55(b)(2).  Under that rule, when a party in default has made an appearance in the case, the plaintiff must provide written notice of the application for default judgment at least seven (7) days in advance of a hearing on the application.  Fed. R. Civ. P. 55(b)(2); *see also Swallow v. United States*, 380 F.2d 710, 713 (10th Cir. 1967).  In the District of Colorado, "[a]n appearance by or on behalf of a party shall be made in open court or in a pleading, motion, entry of appearance, or other paper personally signed by the individual making the appearance."  D.C. Colo. LCivR 11.1(a).  Typically an appearance is an action "involving some presentation or submission to the court."  *York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing 10A Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2686).

At least one district court in the Tenth Circuit has acknowledged a circuit split concerning whether informal out-of-court documents and statements can constitute an appearance.  *See HFR, Inc. v. Hildyard*, No. 05-2300-JWL, 2007 WL 4374174, at *8 (D. Kan. Dec.13, 2007) (unpublished) (citing *New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005)) (finding that the Tenth Circuit would adopt the "prevailing view ... that the rule [Fed. R. Civ. P.

Eventually, the Scheduling Conference was held on October 19, 2010; Mr. and Mrs. Fehrenbacher failed to appear.  (Docket #36.)  The United States filed Motions for Entry of Default against the Fehrenbachers (dockets #45, 46), which the Clerk granted on February 25, 2011 (docket #47).  On April 15, 2011, the United States requested dismissal of the Complaint's second claim for relief; Judge Daniel granted the motion leaving only Claim One for reduction to judgment of the federal tax assessments against the Fehrenbachers.  (Dockets #51, #52.)

On April 8, 2011, the United States filed the present Motion for Default Judgment.  (Docket #48.)  The Fehrenbachers filed no response to the motion.  On May 25, 2011, this Court requested a supplemental brief from the United States in support of its motion concerning questions of personal jurisdiction, together with a certificate evidencing service of the supplement on the Fehrenbachers.  (Docket #54.)  The United States timely filed its supplement on June 8, 2011, including the certificate of service.  (Docket #55.)  The Fehrenbachers did not respond within the

---

55(b)(2)] applies not only to parties who have formally appeared, but also to those who have otherwise indicated to the moving party a clear purpose to defend the suit."); *see also Brown,* 84 F.3d at 141-42 ("Appearances include a variety of informal acts on defendant's part which ... may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.") (internal quotations omitted) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.,* 874 F.2d 274, 276 (5th Cir. 1989)); *Key Bank of Me. v. Tablecloth Textile Co. Corp.,* 74 F.3d 349, 353 (1st Cir. 1996) (a letter from defendant's counsel to plaintiff's counsel was held to be an appearance because it indicated clear a "purpose to defend the suit."); *but see Zuelzke Tool & Eng'g Co., v. Anderson Die Castings, Inc.,* 925 F.2d 226, 230 (7th Cir. 1991) ("A party 'has appeared in the action' under Fed. R. Civ. P. 55(b)(2) only where the party has actually made some presentation or submission to the district court in the pending action.")

Regardless of whether the Fehrenbachers are found to have appeared pursuant to Rule 55(b)(2), however, the Court finds that the Fehrenbachers have been sufficiently notified of the motions for entry of default and motion for default judgment in this case.  Not only did the Plaintiff file certificates of service demonstrating its mailing of the motions to the Fehrenbachers last known address (*see* dockets #45, #46, and #48), but the Court also sent its orders to the Fehrenbachers requiring responses to the motions for default judgment and the supplement to the motion (dockets #50, #54).  The Fehrenbachers failed to respond to any order, motion or supplement within the time allowed.

time allotted, and have not formally appeared, during the course of this litigation before the Court.

## LEGAL STANDARD

Fed. R. Civ. P. 55 governs motions for default judgment. Rule 55(b)(2) provides that: "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The Fehrenbachers having failed to respond to the allegations of the Complaint, or otherwise contest the calculation of damages in this matter, the Court concludes there is no need to hold a hearing pursuant to Fed. R. Civ. P. 55(b)(2) in order to calculate damages. *See* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing. Indeed, if defendant is in default for failing to appear ..., the clerk may enter the judgment for that amount and assess costs against defendant without any judicial hearing.").

After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) ("A default judgment is unassailable on the merits."); *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir. 1990) ("[A] default judgment generally precludes a trial of the facts except as to damages.").

Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*,

No. 05-cv-00845-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (unpublished) (citing *Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007) (unpublished).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of S. Conn., Ltd. P'ship v. Smith,* 141 F. Supp. 2d 277, 281 (D. Conn. 2001). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1463, 1468 (10th Cir. 1987); *see also Weft, Inc. v. G.C. Inv. Assocs.,* 630 F. Supp. 1138, 1143 (E.D.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

## LEGAL ANALYSIS

With the preceding legal standards in mind and before I consider whether damages are to be assessed in this case, I must address whether the United States has established personal jurisdiction over the Fehrenbachers and whether the United States asserts a legal basis for relief.

## I.     Personal Jurisdiction

In determining whether entry of default judgment is warranted, the court must first consider

personal and subject matter jurisdiction.[3]  *See, e.g.*, *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202-03 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment).  The court is empowered and required to determine any personal jurisdiction issue before considering a motion for default judgment. *Deville v. Wilson*, 208 F. App'x 629, 631 (10th Cir. 2006) (because plaintiff failed to plead facts indicating the defendants had the requisite minimum contacts with the forum state, the district court had no personal jurisdiction over defendants); *see also  Dennis Garber & Assoc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before considering entry of default judgment).

Personal jurisdiction is analyzed pursuant to the state of the parties at the time of the filing of the suit.  *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (internal quotation marks omitted) (Court followed "longstanding principle that the jurisdiction of the court depends upon the state of things at the time of the action brought"); *see also* 4 Wright & Miller, Fed. Prac. & Proc. § 1051 (establishing the date of commencement is important for purposes of personal jurisdiction). The plaintiff carries the burden of showing the propriety of the court's exercise of personal jurisdiction over a defendant. *Buckhannon v. Monarch Life Ins. Co.*, No. 94-1071, 46 F.3d 1150, 1995 WL 43593, at *1 (10th Cir. 1995) (unpublished) (citing *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)).  "However, only the well pled facts of a plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.* (quoting *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)).  A plaintiff's allegations of personal jurisdiction must be considered true as "well-pleaded" facts upon entry of

_____

[3]Here, the United States asserts, and the Court finds, subject matter jurisdiction is proper under 26 U.S.C. § 7402, as well as under 28 U.S.C. § 1340 and § 1345.

default against a defendant. *D'Onofrio v. Il Mattino,* 430 F. Supp. 2d 431, 439 (E.D. Pa. 2006).

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotations marks and citations omitted).

Here, the Plaintiff invokes 26 U.S.C. §7402, as well as 28 U.S.C. §§ 1340 and 1345, to demonstrate jurisdiction in this Court. However, these statutes do not authorize nationwide service of process. As there is no federal statute authorizing nationwide personal jurisdiction in this case, the Court is guided by Fed. R. Civ. P. 4(k)(1)(A) to an analysis pursuant to Colorado's "long-arm" statute, Colo. Rev. Stat. § 13-1-124(1). *See Springer v. Balough*, No. 00-5071, 232 F.3d 902, 2000 WL 1616246, at *1 (10th Cir. 2000) (unpublished) (citing *Peay*, 205 F.3d at 1209). The Colorado long-arm statute "confer[s] the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions," and its requirements are necessarily addressed under a due process analysis. *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1193 (Colo. 2005).

When evaluating personal jurisdiction under the Due Process Clause, the Tenth Circuit conducts a two-step analysis. *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.,* 488 F.3d 1282, 1287 (10th Cir. 2007). At the first step, the court examines "whether the non-resident defendant has minimum contacts with the forum state such that he should reasonably anticipate being haled into court there." *Id.* (citation and quotation marks omitted). The "minimum contacts" test may be met in either of two ways - general jurisdiction or specific jurisdiction. First, if a defendant has "continuous and systematic general business contacts" with the forum state, it may

be subjected to the general jurisdiction of the forum state's courts.  *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984).  Second, even in the absence of "continuous and systematic" contacts, a state's courts may exercise specific jurisdiction over a defendant that "purposefully directed" its activities at the state's residents, if the cause of action arises out of those activities.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73 (1985); *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th Cir. 2004) ("A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state.").

　　If the defendant has sufficient contacts, the court proceeds to the second step to ask "whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances.  *TH Agric.*, 488 F.3d at 1287 (citation omitted).  An exercise of jurisdiction is determined reasonable under the circumstances by factoring:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Intercon, Inc. v Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1249 (10th Cir. 2000) (citing *Burger King*, 471 U.S. at 477).  "An interplay exists between the two components [of the specific jurisdiction inquiry], such that depending on the strength of the defendant's contacts with the forum state, the reasonableness component of the constitutional test may have greater or lesser effect on the outcome of the due process inquiry."  *TH Agric.,* 488 F.3d at 1287 (internal quotation marks

omitted) (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987)).  In other words, a more powerful showing of minimum contacts by the Plaintiff may serve to fortify a borderline showing of reasonableness.  *See id.*; *see also Burger King*, 471 U.S. at 477; *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091-92 (10th Cir. 1998).

In this case, the Plaintiff has demonstrated the Defendants had sufficient "minimum contacts" and the case comports with "traditional notions of fair play and substantial justice."  First, Plaintiff asserts personal jurisdiction in this matter arguing that the Court has "specific" jurisdiction over the Fehrenbachers.  Plaintiff argues, and the Court agrees, that Defendants had minimum contacts with the State of Colorado during the time period in which this action arose, because Defendants lived, worked, owned real property, and accrued tax liabilities in Colorado during the years 2005 and 2006.  These "purposefully directed" activities provide sufficient evidence demonstrating that Defendants should have "reasonably anticipate[d] being haled into court" in the State of Colorado.  *World Wide Volkswagen* v. *Woodson*, 444 U.S. 286, 297 (1980) (minimum contacts are sufficient when defendant purposefully avails itself to activities within the forum state and, therefore, should reasonably anticipate being haled into court in that state).

Second, the Court finds that the *Intercon* factors concerning "fair play and substantial justice" weigh in favor of the Plaintiff.  With respect to the first factor, "[t]he burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction."  *Employers Mut. Cas. Co. v. Bartile Roofs*, *Inc.*, 618 F.3d 1153, 1162 (10th Cir. 2010).  In *Bartile Roofs*, the Tenth Circuit concluded that the burden on the defendant, a resident of Wyoming, of litigating in the adjacent state of Utah, was "relatively slight" when considering that "modern transportation and communications have made it much less

11

burdensome for a party sued to defend himself in a state where he engages in economic activity." *Id.* (citing *Burger King*, 471 U.S. at 474).  Similarly, here, the Defendants reside in the adjacent state of Arizona and they have identified no burden that would arise from defending this action in Colorado.  Therefore, the Court finds the burden on the Defendants to defend themselves in this action is "relatively slight" and the first factor weighs strongly in favor of the Plaintiff.  *See id.*

If the Court were to evaluate the second factor at this stage of the litigation - i.e., following dismissal of the second claim - the interests of the State of Colorado would be considered negligible as the remaining claim concerning federal tax assessments involves applying only federal law. However, personal jurisdiction is analyzed pursuant to the state of the parties at the time of the filing of the suit.  *Keene Corp.*, 508 U.S. at 207.  At the time of filing, Plaintiff alleged its second claim for foreclosure of federal tax liens on real property located in Colorado and formerly owned by the Fehrenbachers.  Such foreclosure necessarily would have involved an application of Colorado law. *See* 26 U.S.C. § 7403.  Consequently, considering the state of the litigation at the time of filing, the Court concludes the second factor weighs slightly in favor of the Plaintiff.

The third factor "hinges on whether the plaintiff may receive convenient and effective relief in another forum."  *Bartile Roofs*, 618 F.3d at 1163 (quoting *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1062 (10th Cir. 2008)).  Again, this factor requires consideration of this litigation at the time of filing.  At that stage, application of Colorado law for the foreclosure action would have been necessary to adjudicate the claim; however, the Plaintiff fails to explain its pronouncement that "the foreclosure claim required that the suit be brought in Colorado" or why application of Colorado law could not be done by a federal court in Arizona.  Therefore, the Court finds that Plaintiff's interest in receiving convenient and effective relief in Colorado is negligible

and the factor weighs in favor of the Fehrenbachers.

The fourth factor "asks whether the forum state is the most efficient place to litigate the dispute." *Id.* "Key to this inquiry are the location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." *Id.* (quoting *TH Agric.*, 488 F.3d at 1296). Again, considering this litigation at the time it was filed, this factor weighs in favor of the Plaintiff. The events underlying the foreclosure and tax assessment actions occurred in Colorado; the subject property, the IRS agent, and all parties, except the Fehrenbachers, were located in Colorado; and the foreclosure action would require application of Colorado law. (*See* dockets #1, #8.) The Court finds that Colorado is the most efficient place to litigate this dispute.

Finally, the Court finds that the shared interests of the states in advancing substantive social policies would not be affected by this Court's personal jurisdiction over the Fehrenbachers in this case. There is no indication that the litigation of this action in Arizona would advance any fundamental substantive social policy, and there would be no interpretation or application of Arizona law in this matter. *See Bartile Roofs*, 618 F.3d at 1164. Thus, the factor weighs in favor of the Plaintiff.

Considering Plaintiff's clear establishment of the Fehrenbachers' sufficient minimum contacts with Colorado, and the weight of the "fair play and substantial justice" factors in Plaintiff's favor, this Court recommends that the District Court find the Court has personal jurisdiction over Defendants Jon and Joan Fehrenbacher.

## II.     Sufficiency of the Claims

"A plaintiff is entitled to a determination of liability unless he has failed to state a legal basis

for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof." *Weft, Inc.*, 630 F. Supp. at 1143.

In a suit to reduce a tax assessment to judgment, the Government has the burden of proving that the assessment was properly made. *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006) (citing *Palmer v. United States Internal Revenue Serv.*, 116 F.3d 1309, 1312 (9th Cir. 1997)). An assessment issued by the IRS is presumptively correct in a suit to reduce the assessment to judgment, and defendants bear the burden of showing that they paid the correct amount of tax liability. *See United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (citing *Doyal v. Commissioner of Internal Revenue*, 616 F.2d 1191, 1192 (10th Cir. 1980) and *Long v. Commissioner*, 757 F.2d 957, 959 (8th Cir. 1985)).

In this case, the United States has provided four assessments titled, "Certificates of Assessments, Payments, and Other Specified Matters"("Forms 4340") for Jon S. and Joan B. Fehrenbacher for the tax years 1999, 2002, 2005, and 2006. (Docket #48-4.) In addition, Plaintiff has provided the sworn Declaration of Lee Routledge, IRS Collection Technical Services Advisor, in which he describes his computation to April 15, 2011 of the income tax liabilities, including penalties and interest, assessed against Jon S. and Joan B. Fehrenbacher for the years 1999, 2002, 2005 and 2006. (Docket #48-1.) Attached to the Declaration are the computation sheets calculating the taxes, penalties and interest, and showing balances due for each year, which are reflected on the chart listed above in the Statement of Facts. (*See* docket #48-2.) The Court accepts as true the well-pleaded facts set forth in the Complaint and in the documents provided as admissible evidence and referenced herein. As Defendants are in default here, they no longer have the ability to dispute the accuracy of the factual allegations or the assessments. Therefore, this Court recommends finding

14

that the United States asserts a legitimate basis for the entry of a judgment in this case.

## III.   Award of Damages

The burden is on the plaintiff to establish entitlement to recovery of damages against a defaulting defendant. *See Cablevision of S. Conn., Ltd. P'ship v. Smith,* 141 F. Supp. 2d 277, 282 (D. Conn. 2001).   Damages must be established by proof, unless they are either susceptible of mathematical computation or liquidated as of the default. *Id.* (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992)).   A conclusory affidavit fails to establish a basis for the damages a plaintiff seeks. *See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189-190 (E.D.N.Y. 2009) ("The plaintiff must still prove damages in an evidentiary proceeding at which the defendant has an opportunity to contest the claimed damages.") However, the Tenth Circuit has held that, "[the] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Glove Energy, Inc.* 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip,* 721 F.2d 297, 300 (10th Cir. 1983)).

To support their claim for damages, the United States has submitted four forms 4340 titled, "Certificates of Assessments, Payments, and Other Specified Matters" for the Fehrenbacher's 1999, 2002, 2005, and 2006 tax years. (Docket #48-4.) A certificate on a form 4340 is "presumptive proof of a valid assessment." *March v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003) (citing *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992)).[4]   In addition, the United States has provided Mr. Routledge's Declaration and the accompanying computation sheets.[5]  (Dockets #48-1, #48-2.) The

---

[4]Forms 4340 are self-authenticating under Fed. R. Evid. 902(1), and admissible into evidence pursuant to Fed. R. Evid. 803(8).

[5]Admissible pursuant to Fed. R. Evid. 803(6) or 803(8).

15

sums of taxes reflected in the Forms 4340 and of taxes, penalties and interest in the computations forms are sums of accrued liabilities capable of mathematical calculation.  Thus, as set forth above, the Court finds that a hearing on damages is not necessary in this case.  As this Court has recommended entry of default judgment here, the Court further recommends awarding damages in the amount of $110,616.44, plus interest and other statutory additions since April 15, 2011, pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621.

## CONCLUSION

The United States has established through sworn testimony and documentary evidence that the Court may exercise jurisdiction over Defendants Jon S. and Joan B. Fehrenbacher, that its claims are sufficiently stated, and that it has suffered economic injury justifying an award of damages against the Fehrenbachers.  Based on the foregoing, and the entire record provided to the Court, I do respectfully RECOMMEND that the District Court **GRANT** Plaintiff's Motion for Entry of Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55 [filed April 8, 2011; docket #48] as follows:

a.      Find that the Court has jurisdiction over the United States' claim against Defendants Jon S. and Joan B. Fehrenbacher;

b.      Reduce the federal tax assessments for the years 1999, 2002, 2005 and 2006 to a judgment against Jon S. and Joan B. Fehrenbacher and award damages to the United States in the amount of $110,616.44, plus interest and other statutory additions since April 15, 2011.

Dated this 7th day of July, 2011, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge